Ivory Oliver Rucker, III                                    Case No. 1:20-CV-3246

Ground 19 – Ivory is not mentally incompetent. Court Appointed Evaluator, Diana Lang, reported Ivory incapacitated by reason of mental illness on 5/31/2018 and again 6/18/2018.

Ivory Oliver Rucker was diagnosed in his 20's with Paranoid Schizophrenia.  According to D. Lang, Court Appointed Evaluator, Ivory did not understand the reason he was incarcerated.

Ground 20 – Ivory has been in Capitol Police Custody since 4/28/2018. Ivory has not had a jury or bench trial. Ivory's right to a Speedy and Public Trial have been violated.

Ivory was not brought to term within the 2nd term of his arrest.

The Court has not filed an accusation in this misdemeanor case within the two year limitation.

Ground 21 – Ivory has a Right to Adequate Representation. However, he has never met the attorney.

According to Ivory, he did not waive his rights to a Jury Trial and he has never met with any attorney to sign anything.

Ivory wants a jury trial and was not consulted about his defense.  Ivory hasn't been visited by any attorneys in the past two years. He has been at Fulton County Jail and Georgia Regional Hospital, Panthersville.

Ground 22 – Ivory's right and entitlement to be present at the Preliminary Hearing and represent his right afforded by due process under the law within 48 to 72 hours has been violated.

Ivory didn't appear before a judge within the mandated 48 to 72 hours to hear his charges.   He wasn't told why he was in jail.

Ground 23 – Ivory has the right to be confronted with witnesses against him. Sixth Amendment

Ivory has not had the right of confrontation, the right of cross-examination, and the right to have testimony offered under sanction of oath.

1

Ivory Oliver Rucker, III                                    Case No. 1:20-CV-3246

Ground 24 – The United States Constitution at, Article Five of the Bill of Rights, is a guarantee to each citizen that he will not be deprived of his liberty without due process of law.

Ivory Oliver Rucker is a natural born citizen and inhabitant of State of Georgia and is entitled to due process of the law.

Ground 26 – Ivory has a Right to Grand Jury Hearing within 90 days where bail refused. Right to have bail set absent hearing within 90 day period.

Ivory hasn't received a Grand Jury Hearing within the mandated time in Georgia. Ivory still has no bail.

Ground 27 – Ivory Oliver Rucker's continued detention violates his right to substantive due process through deprivation of the core liberty interest in freedom from bodily restraint.

Ivory wasn't offered bail and he has been in police custody since 4/28/2018. The United States Constitution is a guarantee to each citizen that he will not be deprived of his liberty without due process of law.

Ground 28 - Ivory has been denied the right to assistance of counsel in Non-trial situations.

Judicial Proceedings before trial - I, Angela Rucker, petitioned DeKalb County Probate Court around May 1, 2018 for Emergency Guardianship/Conservatorship of Ivory Oliver Rucker. The DeKalb Court Appointed Evaluator's Report dated May 3, 2018 by Diana Lang, reported that Ivory is incapacitated due to mental illness and recommended Emergency Guardianship/Conservatorship because Ivory cannot handle his basic AOL's without assistance. I again petitioned the DeKalb County Probate Court around June 2018 for Guardianship/Conservatorship. The DeKalb County Court Evaluator's Report by Diana Lang dated 6/18/2018 found Ivory incapacitated due to mental illness. She recommends Guardianship and Conservatorship. I went to court both times and Judge B. Hargrove was the presiding judge. I, Angela Rucker, thought I was awarded Conservatorship and Guardianship over Ivory Oliver Rucker and his Estate No. 2018-0847. However, I was given paperwork with a seal stating that I was Guardian, but was denied any information about Ivory's TRUE case. The only documents that appear to be honored are the documents from Diana Lang, DeKalb County Court Reporter.

Ground 29 – Attorney and State Representative, Dar'shun Kendrick is maliciously prosecuting Ivory Oliver Rucker, III and abusing her power by filing a misleading report with insufficient evidence accusing Ivory Oliver Rucker of 3 counts of Felony Stalking. Ivory was arrested on 4/28/2018 incident #18-106270 Case NO. 18-106279. Attorney Kendrick accused Ivory of Harassing Communications 3/1/2017 Booking Number 1704304 and 4/5/2018 Booking Number 1806905. The first case in March was dismissed due to incompetence. Georgia Uniform Traffic Citation attached E02446750 stating that Ivory has been served with a citation and summons. The address listed for Ivory is 1610 Olive Street in St.

2

Ivory Oliver Rucker, III                                    Case No. 1:20-CV-3246

Louis. It was printed March 1, 2017 and summoned Ivory to court on March 2, 2017. I don't think that this is legal and not the correct document to serve someone. There was no evidence to support Case 17MAGC-01568 in March 2017. The order was No Contact, however, the court dismissed due to incompetence and expected Ivory to comply even though he was incompetent. The Harassing Communications charge in 4/5/2018, I was told was rolled into this case. I, Angela Rucker, bailed Ivory out of jail for case # 18MAGC-02121 and he was released 4/6/2018. There are 2 incident reports – I100004727-01 and I100004727-02 relating to 4/5/2018 arrest. The Narrative on the report dated 4/5/2018 advises Ms. Dar'shun Kendrick to make contact with the telephone service provider to possible have Mr. Rucker's number blocked. Ms. Kendrick admitted to the Atlanta Journal Constitution, May 2, 2018, that her solution is to keep Ivory legally in jail, not to get him mental health treatment. Ms. Kendrick has made it clear how she would handle certain problems. Ms. Kendrick's posted on Social Media April 19, 2018 the following post in response to an AJC.COM article about a Mentally handicapped girl gang-raped at Gwinnet birthday party: I hope she has some male relatives that get time alone with these boys. Ivory was attacked by 2 of her male relatives, Javaris Byrd and Sidney Kendrick, on 4/28/2018.

According to Civil Action- Petition for Stalking Temporary Protective Order #18P004163-9, Ms. Kendrick stated that the judge (Judge Cox) assumed he (Ivory) wouldn't be released but he was. Judge Cox had given Ivory a $1000 bond Case #18MAGC-02121 April 6, 2018. However, to everyone's surprise Ivory did have a support network and I bonded him out of jail. I get the impression that Judge Cox and Ms. Kendrick know each other personally. It appears Ms. Kendrick spoke to the judge about bail according to the statement she made in the Protective Order. Therefore, when Ivory was arrested 4/28/2018, he was denied bail. This is an obstruction of justice and Judge Cox has put Ivory's case on judicial hold for over two years and denied him due process.

Ground 30 – I, Angela Rucker, applied for Emergency Guardianship/Conservator of Ivory Oliver Rucker with DeKalb County Probate Court around May 1, 2018. However, the petition that I and Deborah James filed for Emergency Guardianship/Conservator was never processed or filed even though, I was given Letters of Emergency Guardianship dated May 9, 2018 and took an oath in court. In my opinion this is intentional deception by the parties involved in an attempt to deny Ivory help recommended by the Court Appointed Evaluator. My attorney was Drew Early and Ivory's Court-Appointed Attorney was Mark Welsh. The presiding judge was Judge B. Hargrove.

I made an appointment September 8, 2020 at 2:30 pm with Ms. Raketta Sauls, Clerk, to view Ivory's Probate file. I was given an unofficial plain manila folder by Ms. Sauls with nothing written on it. When I asked about the Emergency Guardianship/Conservator petition, I was told that there was nothing else to view. Inside was the Petition for Guardianship/Conservatorship, nothing about the Emergency Conservatorship. I questioned the completeness of the file. I was told there were over 80 documents when I asked for a copy of the file earlier in the week. However, this manila folder had about 30 pages. It appears that the court proceedings for Emergency Guardianship and

3

Ivory Oliver Rucker, III                                    Case No. 1:20-CV-3246

Conservatorship never even happened, even though I went to court. The Emergency Guardianship/Conservatorship held in DeKalb County Probate Court appears to be an unofficial court. I was denied my right to view my entire Probate file. There is also a handwritten note dated August 18 09:30 stating that Ivory Rucker withdrew Conservatorship. I don't know who wrote this letter. I did not withdraw my conservatorship and Ivory wasn't able to make decisions like that for himself according to the Court Evaluator's Report dated May 3, 2018. Attorney Welsh nor Attorney Early visited Ivory while incarcerated.

Post Conviction Proceedings – Ivory had a right to an Emergency Guardian and Conservator based on Diana Lang's Court Appointed Evaluator's Reports dated 5/3/2018 and 6/18/2018. Ivory is mentally incapacitated and should have assistance in his legal affairs. Ivory is not able to defend himself against the state and the state has made it difficult for Ivory Oliver Rucker to get assistance from his sister, Angela Rucker or anyone else. I, Angela Rucker, did try to get Ivory the help he needed by going to Probate Court so that I could handle his affairs. However, I feel that I was misled by the Probate Court of DeKalb County to believe that I was able to handle Ivory's affairs, when in fact I was not legally able to do so. I feel that is why even though I paid cash money for Attorney Gage and Attorney Abt to represent Ivory Oliver Rucker against the State, they felt no obligation to tell me anything TRUE about Ivory's case. The signed and sealed Letter of Guardianship that I was handed had no value. They took my money and treated me and Ivory badly. I get the impression that Attorney Gage and Attorney Abt are obligated to the State of Georgia and not to defending Ivory against the State. Therefore, Ivory is helpless and based on evidence to date has no one working on his behalf to make sure he gets due process. He never even had his first appearance to have the charges read to him. The Court missed the deadline of 48 to 72 hours. Ivory has a right to a Grand Jury hearing within 90 days of bail being refused. His attorney's should have brought this to light because their job is to make sure their client's get due process.

Ivory had previously been homeless and not on any medication for years. He was in the military and due to his Paranoid Schizophrenia it is difficult for him to maintain relationships with others and handle his basic AOL's. Therefore, while Ivory is in police custody I sought Guardianship/Conservatorship. Once again I paid cash money to the Probate Court of DeKalb County to assist Ivory with his mental challenges because he is mentally incapacitated. Dekalb County Probate Court took my money and no one honored the court documents that I received from Judge B. Hargrove's court in 2018. It appears that many obstacles stand in the way of Ivory getting due process in the State of Georgia.

Ivory is at Georgia Regional Hospital and I was told by Attorney Bentley (representing Georgia Regional hospital) on August 24, 2020 that I, Angela Rucker, need an attorney to see my brother, Ivory Rucker. Due to the circumstances, I have had a difficult time securing attorney's with my and Ivory's best interest. I see this as another roadblock to keep Ivory from receiving assistance in his case against the state. Attorney Bentley denied me access to Ivory under the pretense of Covid. I requested to see Ivory to sign legal documents and was previously approved for a scheduled visit. I needed approval for myself, a witness, and a notary. I was told by Dr. Douroux (Georgia Regional) that August 21, at 6:00 was approved but I couldn't bring a witness due to Covid. She suggested that I use a hospital employee as a witness. I had spoken to some notaries who told me that hospital employees cannot assist as witnesses. I believe I was given bad information from the hospital to intentionally deny Ivory of his right

4

Ivory Oliver Rucker, III                                  Case No. 1:20-CV-3246

to counsel. Once again, it appears that Ivory is being denied any legal help that would benefit him. I am supposedly the Guardian of Ivory, but I need an Attorney to see him. It doesn't make sense and I feel Ivory is in danger.

Considering the evidence and the unofficial courts in DeKalb County and Fulton County, it appears Ivory really is in danger due to malicious prosecution by the state to prove their case by any means necessary.

It is also difficult for me and Ivory to secure legal representation to correct the wrongs which began with DeKalb County Probate Court.

I, Angela Rucker, would like the court to grant me Guardianship and Conservatorship over Ivory Oliver Rucker's Estate so that I may be able to fully assist him. I don't want Ivory to become homeless again and be abused. I have secured a 24 hour mental health group home for him in Warner Robins, Georgia. I have been paying NAMI, National Association for Mental Illness, for the past 10 months to secure the room for Ivory. It costs $1600 per month. I gave the proof of payment to Ivory's attorney, Attorney Hemanth, to submit to the court. I would like Ivory transferred directly from Georgia Regional to NAMI in Warner Robins, GA. My contact person is Paula Karsti, Executive Director. Ivory's room is paid through September 30, 2020.


Prayer for Relief

Please disregard the previous request for Relief and Consider the following instead:

1.  Please dismiss the indictment;
2.  Assume jurisdiction over this matter;
3.  Expedite consideration of this action pursuant to 28 U.S.C. 1657 because it is an action brought under chapter 153 (habeas corpus) of Title 28;
4.  Grant Petitioner a writ of habeas corpus directing the respondents to immediately release Ivory from custody and transfer him to NAMI group home in Warner Robins for the mentally ill.
5.  Pursuant to 28 U.S.C. 2243 issue an order directing respondents to show cause why the writ of habeas corpus should not be granted;
6.  Award Ivory Oliver Rucker attorney's fees and costs under the Equal Access to Justice Act (EAJA), as amended, 5 U.S.C. 504 and 28 U.S.C. 2412, and any other basis justified under law; and
7.  Grant any other and further relief as the Court deems just and proper.
8.  Grant Angela Rucker Guardianship and Conservatorship over Ivory Oliver Rucker's Estate due to Fraud by the court and the recommendations of the DeKalb County Court Evaluator, D. Lang.


September 15, 2020

Angela Rucker

5

Ivory Oliver Rucker, III                                    Case No. 1:20-CV-3246

### Verification by Someone acting on the Petitioner's behalf pursuant to 28 U.S.C. 2242.

I am submitting this verification on behalf of Ivory Oliver Rucker because I am his sister.  I hereby verify
that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the
best of my knowledge.

Dated: September 15, 2020

Angela Rucker

6