**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IVORY OLIVER RUCKER III.,    :
    Petitioner,    :    PRISONER HABEAS CORPUS
    :    28 U.S.C. §2241
    v.    :
    :
    :    CIVIL ACTION NO.
CAPTAIN JAMES D. WICKER;    :    1:20-CV-3246-CAP-JKL
    Defendants.    :

## FINAL REPORT AND RECOMMENDATION

Petitioner Ivory Oliver Rucker III, through next friend Angela Rucker, filed this §2241 habeas petition while Petitioner involuntarily was being held at the Georgia Regional Hospital in Atlanta, Georgia. (Doc. 14).[1] The matter is now before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4").[2]

Petitioner has raised several grounds for relief in connection with criminal proceedings brought against him in the Fulton County Superior Court for aggravated stalking. It appears, however, that the criminal proceedings are on "judicial hold," because Petitioner has been declared incompetent to stand trial. *See Fulton County*

---

[1]    The amended petition [Doc. 14], which supersedes all of the previous documents, is the operative pleading in this case.

[2]    Pursuant to Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. §2241 cases.

*Superior Court Docket Search*, No. 18SC159232, *available at* https://publicrecordsaccess.fultoncountyga.gov/app/RegisterOfActions/#/9EFC4A 2FAD7FC6B262DA57DF54C1D11F92431BEDAE98956077C8CB6EE426341F5 896B98510F70DDF2683A5AA2D3DCE79/anon/portalembed (11/5/2018 Judicial Hold Order) (last visited October 23, 2020).[3] Notably, Petitioner is represented by counsel in those proceedings, who appears to have secured Petitioner's release from Georgia Regional Hospital to NAMI Central Georgia Residential Group Home. *See id.* (8/20/20 Notice of Appearance; 9/23/2020 Consent Bond Modification Order). The records do not indicate that there has been, or currently is, any effort to render Petitioner competent to stand trial. *See id.* It is therefore not clear that Petitioner's criminal case will ever go to trial.

NAMI, where Petitioner now resides, appears to be a private alliance that, *inter alia*, provides national and local support to the mentally ill. *See* NAMI, *available at* https://www.nami.org/Home (last visited October 23, 2020). Pretermitting whether Petitioner has exhausted his state court remedies as is required

---

[3]     This Court can take judicial notice of Plaintiff's state court records. *See Redner v. Citrus Cnty., Fla.*, 919 F.2d 646, 657 n.14 (11th Cir. 1990) (stating that a court may take judicial notice of a state court proceeding); *see also Odion v. Google, Inc.*, 628 F. App'x 635, 638 (11th Cir. 2015) (noting that the district court could have taken judicial notice of state court records).

before filing this §2241 petition,[4] it is not clear that Petitioner still satisfies the "in custody" requirement for seeking federal habeas relief.

Indeed, the federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are *in custody* in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2241(c)(3). Because Petitioner's criminal proceedings are on indefinite hold, and because Petitioner is in a private group home as opposed to having been involuntarily committed into a State psychiatric facility, Petitioner is not "in custody" and this Court does not have jurisdiction over his petition. *See, e.g., Perkins v. Sauvaine*, No. CA 6:12-1085-TMC-JDA, 2012 WL 2874043, at *4 (D. S.C. Jun. 1, 2012) ("Because Plaintiff does not allege that he is in prison, on parole or probation or supervised release, or otherwise detained/restrained, or currently out on bail pending the trial or appeal of any criminal charge, or on bond after conviction and pending execution of sentence, or that he is currently involuntarily civilly

---

[4]    *See Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) ("[T]he [common law exhaustion] requirement was codified in 28 U.S.C. §2254(b), but the requirement applies to all habeas corpus actions."); *see also Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 & n.4 (11th Cir. 2004) (citing *Fain* and referencing "the exhaustion requirements necessary to obtain relief pursuant to 28 U.S.C. §2241); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, concurring) ("Among the most fundamental common law requirements of §2241 is that petitioners must first exhaust their state court remedies.").

committed for mental evaluation or treatment, Plaintiff does not meet the "in custody" requirement[.]").

Moreover, release from custody is the remedy sought in a federal habeas petition. *See Dep't of Homeland Sec. v. Thuraissigiam*, __ U.S. __, 140 S. Ct. 1959, 1969 (June 25, 2020) (stating that historically "the writ [of habeas corpus] provide[s] a means of contesting the lawfulness of restraint and securing release"); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . [T]he typical remedy is, of course, release."); *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). Since Petitioner already has been released, there is no further relief this Court could provide.[5]

Accordingly,

**IT IS RECOMMENDED** that the instant petition [Doc. 14] be dismissed pursuant to Rule 4.

---

[5] To the degree that Petitioner seeks monetary damages for any alleged unlawful confinement – including, but not limited to, his claims for alleged unlawful arrest and malicious prosecution – any such remedy is not proper in a habeas corpus action. *See Preiser*, 411 U.S. at 498 ("[I]n the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**SO RECOMMENDED** this 26th day of October, 2020.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE